IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH E. STEWART,
    Petitioner,

v.                                                Case No.: 3:09cv452/LAC/EMT

STATE OF FLORIDA,
    Respondent.
_____/

**O R D E R**

    Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Petitioner has also filed two "Motion[s] for Leave of Court to Add Additional Pages to Memorandum of Law in Support of Writ of Habeas Corpus" (Docs. 2, 4).

    Initially, the court notes that Petitioner has neither applied for leave to proceed in forma pauperis nor paid the filing fee. Before this matter may proceed, Petitioner must either pay the filing fee or obtain leave to proceed in forma pauperis by filing a fully and properly completed application and attachments.

    Additionally, with regard to Petitioner's motions, it appears that Petitioner seeks to supplement the habeas petition with additional arguments in support of the petition, as well as numerous exhibits from the state court record (*see* Doc. 2, Attach. (a 49-page supplemental memorandum); Doc. 2, Exs. A–G, I (transcripts of state court proceedings); Doc. 4, Attach. (additional pages, numbered 7, 15, 23, 42–44, purportedly to be substituted for the corresponding pages in the memorandum attached to Document 2)). To the extent Petitioner seeks to supplement the habeas petition with additional arguments, Petitioner's motion will be granted in part. Petitioner may supply additional argument in support of the habeas petition <u>only by filing an amended habeas petition</u> on the court-approved form and attaching thereto <u>one memorandum</u> in support of the petition that includes <u>all</u> arguments he wishes the court to consider. The use of a prescribed form,

required by Rule 5.1(J) of the Local Rules for the Northern District of Florida, was adopted for reasons of administrative convenience. This court, with its large volume of habeas actions, saves valuable time if it is not required to decipher lengthy and often unintelligible motions or petitions. This saving would be lost if Petitioner were allowed to file a habeas petition and separate memoranda in support thereof, instead of completing the form and attaching thereto one memorandum in support. Therefore, Petitioner must amend his petition. To amend his petition, Petitioner should completely fill out a new habeas petition form, marking it "Amended Petition." <u>Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the original petition or a previously submitted memorandum</u>. *See* Local Rule 15.1, Northern District of Florida ("Matters not set forth in the amended pleading are deemed to have been abandoned."). In other words, the amended petition completely replaces all previous petitions, and when an amended petition is filed, all earlier petitions are disregarded. Petitioner is further advised that pursuant to Local Rule R. 5.1(J)(3), <u>neither his petition nor memorandum may exceed twenty-five (25) pages absent leave of court and upon a showing of good cause</u>. In this regard, the court notes upon cursory review of the habeas petition that good cause for permitting an over-long memorandum is not present. Accordingly, it appears unlikely that the court would grant Petitioner leave to file a memorandum that exceeds twenty-five (25) pages in length.

To the extent Petitioner seeks to supplement the petition with exhibits from the state court record, Petitioner's motions shall be denied, as the submission of exhibits at this time is unnecessary. Respondent will be required to submit, in conjunction with his answer, those portions of the state court record that he deems relevant. Petitioner will then have the opportunity to file a reply, at which time he may submit additional portions of the state court record that he deems necessary. Upon receipt of the answer and Petitioner's reply, the court will review the file to determine whether expansion of the record is necessary and whether an evidentiary hearing is required. An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court. If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to § 2254 Rule 8(a). Therefore, Petitioner's exhibits shall be returned to him at this time.

Accordingly, it is **ORDERED**:

1. Petitioner's "Motion[s] for Leave of Court to Add Additional Pages to Memorandum of Law in Support of Writ of Habeas Corpus" (Docs. 2, 4) are **GRANTED** in part and **DENIED** in part, as outlined in the body of this order.

2. The clerk is directed to send to Petitioner an application to proceed in forma pauperis and a copy of the form for use in Section 2254 cases. This case number should be written on the forms.

3. Within **THIRTY (30) DAYS** of the date of docketing of this order, Petitioner shall either pay the filing fee of $5.00 or submit a fully completed application to proceed in forma pauperis. Additionally, and within the same time, Petitioner shall file an amended petition as instructed in this order. Petitioner should completely fill out the new petition form, marking it "Amended Petition." The amended petition should not refer to the original petition or a previously filed memorandum. Petitioner shall provide two (2) service copies of the amended petition, including all attachments, in addition to the original.

4. The clerk shall return to Petitioner the exhibits filed in support of the petition (Doc. 2, Exs.) and the supplemental memorandum filed in support of the petition (Doc. 2, Attach.).[1]

5. Petitioner's failure to comply with this order may result in a recommendation of dismissal of this action for failure to comply with an order of the court.

**DONE AND ORDERED** this 23rd day of October 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court is not directing the return of the pages attached to Document 4, as they total only six pages in length and have previously been "scanned" by the clerk and filed electronically. However, as Petitioner has been advised in this order, the court will not consider those pages in support of his amended habeas petition.

Case No.: 3:09cv452/LAC/EMT